UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTA SPECHT, | ) | **Case No.** |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **PLAINTIFF'S** |
| | ) | **COMPLAINT WITH** |
| **v.** | ) | **DEMAND FOR** |
| | ) | **JURY TRIAL** |
| BANK OF AMERICA, N.A. | ) | |
| | ) | |
| DEFENDANT. | ) | |

## PLAINTIFF'S COMPLAINT WITH
## DEMAND FOR JURY TRIAL

Now comes the Plaintiff, CHRISTA SPECHT (hereinafter "SPECHT"), files her Complaint against the Defendant, BANK OF AMERICA, N.A. (hereinafter "BOA") and says:

### NATURE OF THE CLAIMS

1.  This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq.* (hereinafter "Title VII"); Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter the "ADA"); the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* (hereinafter the "FMLA"); and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* (hereinafter the "IHRA").

2.  This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination against Plaintiff because of her disability and sex; as well as Defendant's retaliation against

Plaintiff for exercising her rights under the FMLA, leading to her unlawful termination.

3.    This is an action for monetary damages pursuant to Title VII, the ADA and the FMLA.

4.    This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII, the ADA and the FMLA.

5.    This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

6.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

7.    Plaintiff, SPECHT, is a citizen of the United States, and is and was at all times material, a citizen of the State of Illinois.

8.    Defendant, BOA, is a Foreign For-Profit Corporation authorized to conduct business in the State of Illinois, created under the laws of Delaware, with its principal place of business in Charlotte, NC, and doing business in Cook County, Illinois.

9.    Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

10.   Plaintiff has complied with all statutory prerequisites to filing this action.

11.     On or about May 8, 2015, Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability and sex discrimination. (*See* copy of May 8, 2015, Charge of Discrimination, attached hereto and incorporated herein as Exhibit 1).

12.     Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

13.     On or about March 1, 2016 the EEOC issued to Plaintiff a Notice of Right to Sue, a true and correct copy of which is attached hereto as Exhibit 2.

14.     This complaint was filed within ninety (90) days of the issuance of the EEOC's Right to Sue letter.

15.     An EEOC filing automatically operates as a dual-filing with the Illinois Department of Human Rights.

16.     At all material times, Plaintiff worked for Defendant in Chicago, IL.

17.     Plaintiff was employed by Defendant for approximately four years and, at the time her employment was terminated, held the position of Bank Manager.

18.     While employed by Defendant, Plaintiff satisfactorily performed the job requirements of her position.

19.     Plaintiff suffers from a disability requiring her to be under the care of a doctor.

20.     BOA was aware of Plaintiff's disability at the time of her termination.

21.     In January of 2015 Plaintiff took requested leave under the FMLA and accommodation for her disability under the ADA.

22. Within a week of her request for FMLA leave and accommodation, BOA terminated Plaintiff's employment.

23. Defendant unlawfully terminated Plaintiff in a discriminatory and retaliatory manner based on her disability and Plaintiff's exercise of her rights under the FMLA.

24. Defendant also discriminated against Plaintiff on the basis of her sex, female, by subjecting her to disparate treatment based on same.

25. Throughout her tenure, Plaintiff was subjected to gender-based discriminatory comments.

26. Furthermore, during his tenure, John Jarka substantially reduced the number of female bank managers under his supervision, including terminating Plaintiff's employment resulting in only one female bank manger under him.

27. Plaintiff has been damaged by Defendant's illegal conduct.

28. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count 1: FMLA Interference

29. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-28, above.

30. Plaintiff was an employee eligible for protected leave under the FMLA.

31. Defendant is and was an employer as defined by the FMLA.

32. Plaintiff exercised or attempted to exercise her rights under the FMLA.

33. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

34.  Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

35.  Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

36.  Defendant's illegal conduct, in violation of the FMLA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige, entitling her to an award of back pay and front pay under the FMLA.

37.  Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

38.  Plaintiff is also entitled to liquidated damages under the FMLA because Defendant did not act in good faith.

### Count 2: FMLA Retaliation

39.  Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 28, above.

40.  Plaintiff was an employee eligible for protected leave under the FMLA.

41.  Defendant is and was an employer as defined by the FMLA.

42.  Plaintiff exercised or attempted to exercise her rights under the FMLA.

43.  Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

44.  Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

45.     Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

46.     Defendant's illegal conduct, in violation of the FMLA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige, entitling her to an award of back pay and front pay under the FMLA.

47.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

48.     Plaintiff is also entitled to liquidated damages under the FMLA because Defendant did not act in good faith.

## Count 3: Disability Discrimination under the ADA

49.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-28, above.

50.     At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADA in that Plaintiff is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

51.     Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

52.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

53. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

54. Plaintiff has been damaged by the illegal conduct of Defendant.

55. Defendant's discriminatory conduct, in violation of the ADA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

56. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

57. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count 4: Sex Discrimination under Title VII

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-28, above.

59. Defendant engaged in intentional sex discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination.

60. Defendant's conduct violates Title VII.

61. The Plaintiff has satisfied all statutory prerequisites for filing this action.

62. Defendant's discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

63. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

64.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count 5: Disability Discrimination under the IHRA

65.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-28, above.

66.     At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the IHRA in that Plaintiff is capable of performing all essential functions of her employment position with or without a reasonable accommodation.

67.     Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

68.     Defendant is prohibited under the IHRA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

69.     Defendant violated the IHRA by unlawfully terminating and discriminating against Plaintiff based on her disability.

70.     Plaintiff has been damaged by the illegal conduct of Defendant.

71.     Defendant's discriminatory conduct, in violation of the IHRA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

72.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

73. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count 6: Sex Discrimination under IHRA

74. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-28, above.

75. Defendant engaged in intentional sex discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination.

76. Defendant's conduct violates the IHRA.

77. The Plaintiff has satisfied all statutory prerequisites for filing this action.

78. Defendant's discriminatory conduct, in violation of the IHRA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

79. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

80. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

A) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages,

including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

B) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

C) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio, Esq.
Illinois Attorney Registration No. 6313431
**Spielberger Law Group**
202 S. Hoover Blvd.
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Trial Counsel for Plaintiff*